**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MICHAEL CHASE, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No.: 1:26-cv-3310 |
| | : | |
| VOLO, INC. d/b/a | : | |
| VOLO SPORTS, | : | |
| | : | |
| Defendant. | : | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, VOLO INC. d/b/a VOLO SPORTS, (incorrectly named Volo, Inc., and hereinafter "Volo Sports"), by counsel, and hereby files this Answer in response to Plaintiff's Complaint stating the following:

**PARTIES**

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint. To the extent any further response is required, Defendant denies the allegations and demands strict proof thereof.

2. Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant admits that it is engaged in business related to the operation of a recreational sports league in and around the District of Columbia area, but denies any other facts and inferences not expressly admitted herein, and further denies any implication that Defendant was negligent or has any liability to the Plaintiff for his alleged injuries.

4. Plaintiff's Complaint does not include any allegations of conduct attributable to any employee, such that it is unable to respond to the allegations in Paragraph 4 of the Complaint. To the extent a response is required, Defendant denies the allegations of.

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint contains mere legal conclusions and not factual averments to which a response is required.

6. Paragraph 6 of the Complaint contains mere legal conclusions and not factual averments to which a response is required.

7. Paragraph 7 of the Complaint contains mere legal conclusions and not factual averments to which a response is required.

8. Paragraph 8 of the Complaint contains mere legal conclusions and not factual averments to which a response is required.

## FACTUAL ALLEGATIONS

9. Defendant admits that it is engaged in business related to the operation of a recreational sports league in and around the District of Columbia area. Defendant further admits that its participants pay a registration fee to allow them to play in Volo Sports events, but denies any other facts and inferences not expressly admitted herein, and further denies any implication that Defendant was negligent or has any liability to Plaintiff for his alleged injuries.

10. Upon information and belief, Defendant admits that Plaintiff paid a fee to participate in certain Volo events, but that the terms of the agreement and obligations of the parties are set forth in the Volo Sports participation agreement, the terms of which speak for itself.

11. Defendant denies the allegations of Paragraph 11 of the Complaint as stated.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Upon information and belief, Defendant admits that Plaintiff was participating in a softball game in Washington, D.C. that was scheduled and staffed by Volo Sports. Defendant

denies the remainder of the allegations contained in Paragraph 13 of the Complaint and any other facts or inferences not expressly admitted herein..

14. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore, denies the allegations and demands strict proof thereof.

15. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore, denies the allegations and demands strict proof thereof.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. The allegations in Paragraph 18 of the Complaint as to whether an object was open and obvious are legal conclusion and not factual averments to which a response is required. By way of further answer, Defendant admits that the metal stake was not marked, flagged, padded or cordoned off.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint contains mere legal conclusions and not factual averments to which a response is required.

21. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 21 of the Complaint, and therefore, denies the allegations and demands strict proof thereof.

22. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint and therefore, denies the same and demands strict proof thereof.

23. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint and therefore, denies the same and demands strict proof thereof.

24. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint and therefore, denies the same and demands strict proof thereof.

25. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint and therefore, denies the same and demands strict proof thereof.

26. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint and therefore, denies the same and demands strict proof thereof..

27. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 27 of the Complaint and therefore, denies the same and demands strict proof thereof.

## COUNT I - NEGLIGENCE

28. Defendant incorporates by reference each response made to paragraphs 1-27 as if fully restated herein.

29. Paragraph 29 of the Complaint contains mere statements of law and not factual averments to which a response is required. To the extent any further response is required, Defendant denies that the statement is a full or accurate statement of the law of the District of Columbia.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains mere legal conclusions and not factual averments to which a response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

**COUNT II - GROSS NEGLIGENCE**

34. Defendant incorporates by reference each response made to paragraphs 1-33 as if fully restated herein.

35. Defendant denies the allegations of Paragraph 35 of the Complaint and demands strict proof thereof and further denies that the duties stated above accurately or fully state the laws of the District of Columbia.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies that it is indebted to Plaintiff in any amount claimed for compensatory damages, or for any damages, interest, costs of the suit, or in any amount whatsoever.

41. Defendant intends to rely upon the defenses of lack of negligence, negligence of others, contributory negligence, assumption of the risk, open and obvious condition, wavier and estoppel, and failure to mitigate damages, to the extent those defenses are supported by the facts obtained through investigation, discovery, trial or otherwise.

42. Defendant further asserts that the injuries and damages alleged by Plaintiff, if any, were not caused or proximately caused by any acts and/or omissions of this Defendant, or its agents, representatives or employees.

43. Defendant reserves the right to assert any additional defense(s), affirmative or otherwise, to any extent such defense is supported by facts obtained through investigation, discovery, trial, or otherwise.

44. Any and all allegations not expressly admitted are hereby denied.

45. Defendant reserves the right to amend this Answer.

WHEREFORE, Defendant Volo, Inc., by counsel, and having fully answered the Complaint, respectfully requests that the Court enter judgment in its favor and award appropriate costs and fees and any other such relief as the Court deems proper.

Respectfully submitted,



Brian A. Cafritz, D.C. Bar No. 456687
Dylan J. Cooper, D.C. Bar No. 90034904
KALBAUGH, PFUND & MESSERSMITH, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236
(804) 320-6300 (Office)
(804) 320-6312 (Fax)
Brian.Cafritz@kpmlaw.com
Dylan.Cooper@kpmlaw.com
*Counsel for Defendant*

**CERTIFICATION OF SERVICE**

I HEREBY certify that a true and accurate copy of the foregoing Answer was served electronically on this 28th day of September, 2026 to:

Ryan Quinn, Esq.,
D.C. Bar No. 979981
Law Offices of Ryan Quinn, PLLC
3101 Wilson Boulevard, Suite 500
Arlington, Virginia 22201
(703) 647-4113
rquinn@rquinnlaw.com
*Counsel for the Plaintiff*

____________________________
Counsel